IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT J. FAUST, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1260 |
| | : | |
| MONTGOMERY COUNRTY | : | |
| CORRECTIONAL FACILITY, | : | |
|    Defendants. | : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                                 APRIL 13, 2022

Plaintiff Albert J. Faust has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Faust has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, Faust will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8. He will be granted leave to file an Amended Complaint.

I.     FACTUAL ALLEGATIONS[1]

Faust filed a form Complaint to commence this action. (ECF No. 2.) He names as Defendants the Montgomery County Correctional Facility, Warden Julia Algerin, Lieutenant Handwork, three John Doe Correctional Officers, two Jane Doe nurses and a Jane Doe Defendant identified as a "Courtline Officer." (*Id.* at 2-3.) He asserts §1983 claims, alleging that he has been subject to deliberate indifference, cruel and unusual punishment, theft, "charging me for court costs," and violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.* at 3.) He seeks recovery of $25 million, $5 million for him and $20 million

---

[1] The allegations set forth in this Memorandum are taken from Faust's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

for St. Jude's Hospital.  Additionally, he seeks repayment of four times his "courtline fees."  (*Id.* at 5.)  He also demands that the ventilation system at the Montgomery County Correctional Facility be redone so that air does not move from one cell to another, and that a medical policy be created that "brings also together with custody, and anything else [he is] entitled to."  (*Id.*)  There are no factual allegations included on the form Complaint.  Instead, Faust refers to attachments to provide substance to his claims.  (*See* ECF No. 2.)  However, there are no attachments to the Complaint.

## II.     STANDARD OF REVIEW

The Court will grant Faust leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

---

[2] Faust completed a prisoner motion for leave to proceed *in forma pauperis*.  (ECF No. 1.)  He alleges in his Complaint, however, that he is out on bail.  (ECF No. 2 at 4.)  Faust's motion reflects that his only sources of income are welfare and $ 250 per month in food stamps.  (ECF No. 1 at 2.)  He does not identify any regular expenses, but identifies a financial obligation to Northampton County in the amount of $2500.  (*Id.* at 2-3.)

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Faust is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

      A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

      However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Faust's form Complaint itself contains no factual allegations. Faust fails to allege the relevant who, what, where, when, and how that form the basis for his claims. As a result, the Court cannot discern what Faust alleges happened to him and the nature of any legal claims he may have. In general, when presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case the Court cannot determine the factual contours of the claims Faust seeks to bring with sufficient clarity to apply the relevant law. The Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Accordingly, the Complaint will be dismissed for failure to state a plausible claim and because it does not comply with Federal Rule of Civil Procedure 8. Because the Court cannot state with certainty that Faust cannot state a plausible claim, he will be permitted to amend his Complaint.

### IV. CONCLUSION

For the reasons stated, Faust's motion for leave to proceed *in forma pauperis* will be granted and his Complaint dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8. Faust will be granted leave to amend

his Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

                **BY THE COURT:**

                **/s/ Juan R. Sánchez**
                **JUAN R. SÁNCHEZ, C.J.**